UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CAROL A. DAVIS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )  No. 2:16-cv-00418-JDL |
| | ) |
| GLOBAL MONTELLO GROUP CORP., | ) |
| | ) |
| Defendant | ) |

### *MEMORANDUM DECISION AND ORDER ON DISCOVERY DISPUTE*

At the defendant's request, I held a telephone conference in this employment action to resolve a dispute over the plaintiff's refusal to respond to discovery regarding her medical, psychiatric, psychological, and other health care, on the basis of the physician-patient and psychotherapist-patient privileges. For the reasons that follow, I deny the defendant's bid for the discovery in dispute.

The plaintiff has sued the defendant, her prior employer, for unlawful retaliation, gender discrimination, and sexual harassment/hostile work environment, seeking damages for, *inter alia*, mental anguish. *See* Complaint and Jury Trial Demand (ECF No. 1) ¶¶ 23-29, 33-49.

The parties' dispute, as clarified during the teleconference, turned on whether the plaintiff had forfeited the psychotherapist-patient privilege by seeking damages for mental anguish in circumstances in which she has testified that she continues to suffer severe mental distress as a result of alleged sexual harassment to which she was subjected by a different employer.

As both sides recognized, this court has held that "the mere assertion of a damages claim for 'garden variety' or 'incidental' emotional distress is not sufficient to constitute waiver of the psychotherapist-patient privilege." *Morrisette v. Kennebec County*, No. Civ. 01-01-B-S, 2001 WL

969014, at *1 (D. Me. Aug. 21, 2001).  *See also Doe v. Brunswick Sch. Dep't*, No. 2:15-cv-257-DBH, 2016 U.S. Dist. LEXIS 59107, at *7-*11 (D. Me. Apr. 29, 2016); *Stark v. Hartt Transp. Sys., Inc.*, No. 2:12-CV-195-NT, 2013 WL 358266, at *9-*10 (D. Me. Jan. 28, 2013).

This court has explained that "[g]arden variety claims refer to claims for compensation for nothing more than the distress that any healthy, well-adjusted person would likely feel as a result of being so victimized[,]" whereas "claims for serious distress refer to claims for the inducement or aggravation of a diagnosable dysfunction or equivalent injury." *Stark*, 2013 WL 358266, at *9 (citation and internal quotation marks omitted).

In passing, the defendant challenged this court's ruling that the assertion of a garden-variety emotional distress claim does not waive the privilege.  However, in the main, it argued that this case is distinguishable because the plaintiff, by her own testimony, has suffered more than garden-variety emotional distress.  The defendant contended that, in fairness, it ought to be permitted to examine the requested records, which would be produced subject to an existing confidentiality order, and reopen the plaintiff's deposition for a period of up to an hour, regardless of whether such evidence ultimately might be admissible.

In the alternative, the defendant requested that, if the court were inclined to deny its request, it do so upon the same four conditions imposed in *Doe*, in which the court recognized that, on the facts alleged in that complaint, "the plaintiff and her son may well have experienced emotional injuries that were, given their personal characteristics and pre-existing conditions, in excess of those that would be likely to have been experienced by 'any healthy, well-adjusted person' who found himself in either plaintiff's alleged position." *Doe*, 2016 U.S. Dist. LEXIS 59107, at *10.

The plaintiff argued that she seeks only garden-variety emotional distress damages, and thus the privilege has not been waived.  She disputed, as a factual matter, that she suffered more

than garden-variety emotional distress from the defendant's alleged conduct, pointing to portions of her deposition testimony indicating that she suffered the distress at issue primarily as a result of the loss of her job and income. She stated that, precisely because she does not claim greater than garden-variety emotional distress, she would be willing to abide by the four *Doe* conditions.

Treating the defendant's request for the court's assistance as an oral motion to compel the production of the discovery at issue, and taking into consideration the plaintiff's unequivocal statement that she was willing to abide by the *Doe* conditions, I **DENIED** the motion on condition that:

1. The plaintiff does not pursue any claims for damages due to a medically diagnosable mental health condition.

2. The plaintiff does not rely on any medical or mental health experts, providers, or records to prove damages.

3. The plaintiff does not seek any damages based on hospitalizations or medical or mental health treatment or evaluation.

4. The plaintiff does not seek damages for emotional distress beyond that which would likely be felt by any healthy, well-adjusted person as a result of the causes of action that she continues to allege after the date of this order.

I reasoned that the question of whether a plaintiff has forfeited the psychotherapist-patient privilege pursuant to *Morrisette* and its progeny turns not on a plaintiff's characteristics or history but, rather, on the nature of his or her claim – specifically, whether the plaintiff makes a claim for emotional distress damages greater than those that any healthy, well-adjusted person would suffer as a result of the conduct at issue.

While this plaintiff, like the *Doe* plaintiffs, has a history that might call into question whether her emotional distress damages truly are garden-variety, her unequivocal statement that she does not seek greater than garden-variety emotional distress damages, evidenced by her willingness to abide by the *Doe* conditions, forecloses discovery of records and information protected by the psychotherapist-patient privilege.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 3rd day of March, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge